UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Derrick Williams aka
Roscoe P.,
Write the full name of each plaintiff.

18CV7917
(Include case number if one has been assigned)

-against-

Emily W. Murphy
Administrativ,
General Services Administration

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?
☐ Yes   ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Derrick     A.     Williams
First Name     Middle Initial     Last Name

1166 Burke Ave #7G
Street Address

Bronx     New York     10469
County, City     State     Zip Code

646-418-0756     Zaire2@AOL.com
Telephone Number     Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: Emily W. Murphy, GSA Administrator
Name

1800 F. Street,
Address where defendant may be served

Washington, D.C. 20405
County, City     State     Zip Code

Defendant 2: Madeline Caliendo, EEO Director
Name

1800 F. Street, Rm 2331
Address where defendant may be served

Washington, DC, 20405
County, City     State     Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

General Services Administration
Name

301 7th Street
Address

Washington          DC          20407
County, City          State          Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☑ **Title VII of the Civil Rights Act of 1964,** 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☑ race: African American

☑ color: Black

☑ religion: Christian

☑ sex: Male

☑ national origin: New York

Page 3

- [x] **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _AFRICAN AMERICAN_

- [x] **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _1966_

- [ ] **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- [ ] **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- [ ] **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

B. **Other Claims**

In addition to my federal claims listed above, I assert claims under:

- [ ] **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- [ ] **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- [ ] Other (may include other relevant federal, state, city, or county law): _____

_____

## IV. STATEMENT OF CLAIM

### A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☒ did not promote me
- ☐ did not accommodate my disability
- ☒ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☒ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

After Filing discrimination complaint my supervisor Ken Thomas was removed and replaced with Lovanto Negveeye. Management had him displace my seating from original location to the EPA Building. They also removed my vehicle from my use. Upon detail to project management they tried to terminate my detail with project management director and influence my rating

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

- ☑ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

- ☐ No

Have you received a Notice of Right to Sue from the EEOC?

- ☑ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

- ☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

- ☐ direct the defendant to hire me
- ☐ direct the defendant to re-employ me
- ☑ direct the defendant to promote me
- ☐ direct the defendant to reasonably accommodate my religion
- ☒ direct the defendant to reasonably accommodate my disability
- ☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

08/29/2018
Dated

Plaintiff's Signature

Derrick
First Name

Middle Initial

Williams
Last Name

1166 Dwrle Ave #7G
Street Address

Bronx
County, City

NY
State

10469
Zip Code

646-418-0756
Telephone Number

Zaive2@AOL.com
Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Derrick Williams, a/k/a
Roscoe P.,[1]
Complainant,

v.

Emily W. Murphy,
Administrator,
General Services Administration,
Agency.

Appeal No. 0120162626

Agency No. GSA-15-NCR-WP-0088

## DECISION

On August 10, 2016, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's July 11, 2016, final decision concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. For the following reasons, the Commission AFFIRMS the Agency's final decision.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Building Manager, GS-1176-12, for the Agency's Public Buildings Service in Washington, D.C. On September 4, 2015, Complainant filed an EEO complaint alleging that the Agency discriminated against him on the bases of race (African-American), national origin (African-American), sex (male), religion (Christian), color (Black), age (49), and reprisal for prior protected EEO activity when:

    1.    on or around May 13, 2015, his detail assignment as Project Manager was terminated;

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                                                                    0120162626

2. on or around May 13, 2015, he was not selected for the Customer Service Manager, GS-1101-14, position under Vacancy Announcement Number 1511056ASMP;

3. on or around May 13, 2015, he was offered detail assignments in several programs within the Facilities Division, and the Design Division and the offers were rescinded as a Project Manager;

4. on or around May 13, 2015, he received an unfavorable Mid-Year APPAS Review;

5. on or around August 20, 2015, he became aware that he was ineligible for the Customer Service Manager's position, GS-1101-14, under Vacancy Announcement Numbers 151105KAMP and 151108KADE; and

6. on or around August 20, 2015, he was denied a promotional opportunity with another Federal agency based on undocumented information on his SF-50 via the Triangle Service Center.

At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation (ROI) and notice of his right to request a hearing before an EEOC Administrative Judge (AJ). In accordance with Complainant's request, the Agency issued a final decision pursuant to 29 C.F.R. § 1614.110(b). The decision concluded that Complainant failed to prove that the Agency subjected him to discrimination as alleged.

## ANALYSIS AND FINDINGS

As this is an appeal from a decision issued without a hearing, pursuant to 29 C.F.R. § 1614.110(b), the Agency's decision is subject to de novo review by the Commission. 29 C.F.R. § 1614.405(a). See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at Chapter 9, § VI.A. (Aug. 5, 2015) (explaining that the de novo standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law").

To prevail in a disparate treatment claim such as this, Complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). He must generally establish a prima facie case by demonstrating that he was subjected to an adverse employment action under circumstances that would support an inference of discrimination. Furnco Constr. Co. v. Waters, 438 U.S. 567, 576 (1978). The prima facie inquiry may be dispensed with where the Agency has articulated legitimate and nondiscriminatory reasons for its conduct. See U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 713-17 (1983); Holley v. Dep't of Veterans Affairs, EEOC Request No. 05950842 (Nov. 13, 1997). To ultimately prevail, Complainant must prove, by a preponderance of the evidence, that the Agency's explanation is a pretext for discrimination. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 519 (1993); Tex. Dep't of Cmty. Affairs

v. Burdine, 450 U.S. 248, 256 (1981); Holley, supra; Pavelka v. Dep't of the Navy, EEOC Request No. 05950351 (Dec. 14, 1995).

**Claim #1 (Detail Terminated)**

According to the Agency, the detail in question, after having been repeatedly extended, was terminated, because the "services were no longer needed." ROI Aff. F at 182. This is a legitimate, nondiscriminatory reason for the Agency's action. Complainant has failed to show that the Agency's reason is a pretext designed to conceal discriminatory animus. One witness asserts that the decision not to extend the detail was based, in part, on Complainant's race, color and sex. ROI, Aff. B. 110-111. However, he provides no evidence to support those conclusions with respect to the detail here in question. Speculation about motivation unsupported by evidence will not support an inference of discrimination. See Wright v. Dep't of Justice, EEOC Appeal No. 0120113629 (August 15, 2013).

**Claim #2 (Nonselection – Customer Service Manager)**

The Agency explains that Complainant was not referred to the second phase of the selection process because, during his interview, he displayed only "minimally acceptable levels of the various competencies." ROI, Aff. E. at 165, 167. In contrast, the selectee demonstrated "strong or mastery levels" of abilities including "decision making," "business acumen," and "communicating information." Id. at 167. This is a legitimate, nondiscriminatory reason for the Agency's action. Complainant has failed to show that the Agency's reason is a pretext designed to conceal discriminatory animus.

**Claim #3 (Detail Offer Rescinded)**

Complainant has failed to make out a prima facie case with respect to this claim. In its final decision, the Agency concludes that Complainant was not offered a detail as alleged in the complaint, although a manager, acting on Complainant's request, unsuccessfully attempted to find a detail position for him. Our review of the record shows that this conclusion is correct.

**Claim #4 (Unfavorable Mid-Year Review)**

According to the Agency, Complainant's mid-year review was an "honest" reflection of Complainant's manager's evaluation of Complainant's performance during the relevant period. It also included the manager's recommendation for ways for Complainant to improve his performance. This is a legitimate, nondiscriminatory reason for issuing the mid-year review. Complainant has failed to show that the Agency's reason is a pretext designed to conceal discriminatory animus.

4      0120162626

### Claim #5 (Ineligible for Customer Service Manager Position)

The Agency explains that Complainant, a nonveteran, was deemed ineligible for the Customer Service Manager position because, inter alia, the vacancy announcement limited eligibility to military veterans. This is a legitimate, nondiscriminatory reason for the Agency's action. Complainant has failed to show that the Agency's reason is a pretext designed to conceal discriminatory animus.

### Claim #6 (Denied Promotional Opportunity with Another Agency Based on "Undocumented Information")

Complainant has failed to make out a prima facie case with respect to this claim. He has provided no information about any action the Agency took or failed to take with respect to the denial of a promotional opportunity with another Agency. His affidavit testimony in response to the investigator's questions on the subject is largely nonresponsive. Complainant suggests that somehow the Agency failed to supply information to support his application but provides no details to substantiate that claim. The record shows that his application was rejected because it did not "rate high enough to be referred" (ROI, Aff. A at 85) rather than because of a lack of supporting documentation.

Complainant has not offered any argument in support of his appeal which demonstrates that the Agency acted on the basis of discriminatory animus in these actions. As Complainant chose not to request a hearing, the Commission does not have the benefit of an Administrative Judge's credibility determinations or findings of fact after a hearing. Therefore, the Commission can only evaluate the facts based on the weight of the evidence presented. We find Complainant has not established his claims of discrimination.

### CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the Agency's final decision finding that Complainant did not establish that he was discriminated against as alleged.

### STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for

6                                                                 0120162626

filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations

May 29, 2018
Date

7                                                                          0120162626

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Derrick Williams
1166 Burke Ave. #7-G
Bronx, NY  10469

Madeline Caliendo, EEO Director
General Services Administration
1800 F Street, NW, Rm. 2331
Washington, D.C.  20405

<u>May 29, 2018</u>
Date

_____
Compliance and Control Division